UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| PNC BANK, NATIONAL ASSOCIATION, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 12-cv-9205 |
|  | ) |  |
| KAREN SELIGA and ROBERT MATOS, | ) | Judge John W. Darrah |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Defendants Karen Seliga and Robert Matos removed this mortgage foreclosure proceeding from the Circuit Court of Will County, Illinois, on November 16, 2012. Plaintiff, PNC Bank, National Association ("PNC"), moves to remand this case to the Circuit Court of Will County on the basis that the action was improperly removed. For the reasons provided below, the Motion is granted.

## BACKGROUND

On October 21, 2011, PNC filed suit against Seliga and Matos, as well as United Guaranty Residential Insurance Company of North Carolina, Ogden Pointe at the Wheatlands Condominium Association, the Wheatlands Homeowners Association, Atlantic Credit & Finance, Inc., and unknown owners and non-record claimants in the Circuit Court of Will County, Illinois. (Notice of Removal ¶ 1.) On May 2, 2012, Defendants filed responsive pleadings to PNC's Complaint and asserted affirmative defenses and counterclaims. (Remand Mot. Ex. 1.) PNC filed a second amended complaint in that court on July 3, 2012, which Defendants moved to dismiss on August 28, 2012. (Remand Mot. Ex. 2, 4.) On August 2, 2012,

PNC moved to dismiss Defendants' affirmative defenses and counterclaims, which the Circuit Court of Will County granted on December 13, 2012. (Remand Mot. Ex. 3, 7.) Defendants filed amended counterclaims against PNC. (Remand Mot. Ex. 5.) The Circuit Court of Will County also denied Defendants' motion to dismiss PNC's Second Amended Complaint in the Order issued on December 13, 2012, and further ruled Defendants' notice of removal to District Court was improper under 28 U.S.C. § 1446. (Remand Mot. Ex. 7.)

Despite this ruling from the Will County Circuit Court, Defendants persisted in their removal to this Court, filing their notice of removal here on November 16, 2012. (Dkt. No. 1.) PNC filed a motion to remand the action to Will County on May 15, 2013.

## LEGAL STANDARD

A civil action brought in a state court may be removed by the defendant to the appropriate United States District Court on the basis of the diversity of the parties. 28 U.S.C. §§ 1332(b), 1441.

Generally, for a case to be removed from state court to federal court, notice of removal must be filed by the defendant within thirty days: (1) after the defendant receives a copy of the initial pleading or (2) after the service of summons on the defendant, if the initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). Additionally, if the case is not removable at the initial pleading stage, notice of removal may be filed thirty days after a defendant receives notice that the case is one which may be removed. 28 U.S.C. § 1446(b)(3). A case may not be removed on the basis of diversity jurisdiction more than 1 year after commencement of the action. 28 U.S.C. § 1446(c).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## ANALYSIS

PNC moves to remand this action to state court on the basis that Defendants' removal was untimely under 28 U.S.C. § 1446. However, Defendants counter that PNC's motion should be denied as PNC failed to file its remand motion within 30 days of the removal, as required by 28 U.S.C. § 1447(c).

It is apparent that by waiting over a year after the action commenced in state court, Defendants' notice of removal on the basis of diversity was untimely under 28 U.S.C. § 1446(c). At issue is whether PNC's motion to remand was untimely such to waive its right to seek a remand.

Section 1447(c) requires that a motion for remand be filed within 30 days after the filing of a notice of removal, unless the basis of the defect raised in the remand motion is the district court's lack of subject-matter jurisdiction. Defendants argue that the defect raised in PNC's motion to remand (namely, the untimely removal) is a procedural, rather than a jurisdictional, basis. (Resp. at 3.) PNC contends that Defendants' failure to remove within one year as required by 28 U.S.C. § 1446 results in a jurisdictional bar, which can be raised in a remand motion at any time prior to final judgment, pursuant to 28 U.S.C. § 1447(c).

Defendants present legal authority from courts in other circuits, which have held that the one-year limitation on the removal of diversity cases is a procedural requirement. (Resp. at 3.) Courts in this District have also differed in the treatment of removal on the basis of diversity

3

after more than one year as a procedural or jurisdictional defect. For example, in *Foiles v. Merrell National Lab.*, 730 F.Supp. 108 (N.D. Ill. 1989), Judge Nordberg remanded a case to state court on the basis that "the Court does believe the one-year limit is jurisdictional." *Foiles*, 730 F.Supp. at 110. Judge Shadur declined to remand a case sua sponte under Section 1447(c) "[b]ecause tardiness in removal is not a subject matter jurisdictional issue." *Arnieri v. Cornhoff*, 807 F. Supp. 2d 739, 741 (N.D. Ill. 2011).

However, the reasoning of Judge Nordberg's opinion is particularly compelling. Judge Nordberg examined the legislative history relating to amendments to Section 1446, which provided the one-year limit on removal on the basis of diversity was established "as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a *modest curtailment in access to diversity jurisdiction.*" *Foiles*, 730 F. Supp. at 110 (quoting 1988 Cong. & Admin. News, at 6032-33) (emphasis added). In imposing this one year limitation for cases removed on the basis of diversity jurisdiction, Congress was expressly acting to reduce the case load of federal courts. *Foiles*, 730 F. Supp. at 110 (citing 1988 Cong. & Admin. News at 6005-06).

If these rules were to be read as Defendants suggest, it would essentially render the one-year limitation for diversity removal meaningless, as a defendant in a state-court proceeding could attempt to remove the case to federal court on the basis of diversity at *any time* and cross its fingers that the opposition fails to move for remand within 30 days.

Defendants failed to file their removal in a timely fashion, as required by 28 U.S.C. § 1446(c). Failure to follow this requirement results in a jurisdictional bar, particularly considering that the purpose of the legislature to curtail the removal of additional diversity actions into federal courts is achieved by this requirement.

## CONCLUSION

For the reasons set forth above, PNC's Motion to Remand is granted, and this action is remanded to the Circuit Court of Will County, Illinois. Civil case terminated.

Date: September 24, 2013

_____
JOHN W. DARRAH
United States District Court Judge